UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Misc. No. 12mc18(DSD/JJK)

Cybil L. Fisher,

       Petitioner,

v.                                                  **ORDER**

United States of America,
Internal Revenue Service
and Michael R. Bake, Revenue
Agent,

       Respondents.

    Cybil L. Fisher, 1609 Redstone Trail, Green Bay, WI 54313, pro se.

    Miranda J. Bureau, U.S. Department of Justice, Tax Division, Central Region, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044, counsel for respondents.

This matter is before the court upon the motion by respondents United States of America, Internal Revenue Service (IRS) and IRS agent Michael R. Bake to dismiss the petition to quash summons. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This tax-liability dispute arises from the alleged non-payment of federal income tax by petitioner Cybil L. Fisher. Fisher operates Cybil Fisher Photography in Green Bay, Wisconsin.

On October 4, 2011, Bake issued a written request for Fisher to file tax returns for 2007 through 2010. Bake Second Decl. ¶ 2.

Fisher did not respond.  Id.  On October 21, 2011, and again on January 12, 2012, Bake sent Fisher a letter, informing her that the IRS may contact third-parties in conjunction with its investigation into her tax liability.  Id. ¶ 3.

On January 31, 2012, the IRS issued an administrative summons directing U.S. Bank to provide financial information pertaining to Fisher and her photographic service by February 29, 2012.  Bake Decl. ¶ 3; id. Ex. 1.  A notice of this summons was also sent to Fisher via certified mail on January 30, 2012.  Id. ¶ 6.  On February 23, 2012, Fisher filed the petition to quash the summons. See ECF No. 1.

## DISCUSSION

When the government opposes a motion to quash a summons, the petitioner maintains the burden to establish a valid defense to the summons.  See Wilde v. United States, 385 F. Supp. 2d 966, 968 (D. Ariz. 2005).  A motion to dismiss in this context mirrors a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief.[1]  Id. (citation omitted).

---

[1] In a motion to dismiss, the court may only consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).  After analyzing the record, the court notes that all of Fisher's claims would fail if the court converted the present motion into a motion for summary judgment.

As an initial matter, the government argues that Fisher's motion to quash is untimely. A petitioner "shall have the right to begin a proceeding to quash [a] summons not later than the 20th day after the day such notice is given." 26 U.S.C. § 7609(b)(2)(A); accord Shisler v. United States, 199 F.3d 848, 852 (6th Cir. 1999) (noting that twenty day requirement is jurisdictional in nature). Notice is sufficient when mailed to the petitioner by certified or registered mail. See Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990). As a result, a motion to quash must be "filed within 20 days of the mailing of the notice, not of its receipt." Berman v. United States, 264 F.3d 16, 19 (1st Cir. 2001) (citation omitted).

In the present action, the government mailed the summons to Fisher on January 30, 2012. Bake Decl. ¶ 3. Fisher filed her petition to quash on February 23, 2012, more than twenty days after issuance of the summons. Fisher did not respond to this argument in her brief in opposition or at oral argument. Therefore, dismissal of Fisher's motion to quash is warranted.

Dismissal is also warranted because Fisher failed to serve the respondents properly. "To serve the United States, a party must deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought," and must also "send a copy of each by registered or certified mail to the Attorney General of the United States." Fed. R. Civ. P.

4(i)(1).  Fisher named the United States of America and the IRS as parties to the present action, but served only Bake and U.S. Bank. <u>See</u> ECF No. 1.  Therefore, for this additional reason, dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [ECF No. 5] is granted.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Dated:  July 17, 2012

                                        <u>s/David S. Doty</u>
                                        David S. Doty, Judge
                                        United States District Court